FILED
2020 Jan-21  AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JEAN HUMPHREY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** _____ |
| | ) | |
| **THE HEALTH CARE AUTHORITY** | ) | |
| **OF THE CITY OF HUNTSVILLE** | ) | |
| **D/B/A ATHENS-LIMESTONE** | ) | |
| **HOSPITAL EMERGENCY MEDICAL** | ) | |
| **SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW, Jean Humphrey, Plaintiff in the above-styled action, and files her Complaint against the Health Care Authority Of The City Of Huntsville d/b/a Athens-Limestone Hospital Emergency Medical Services (hereinafter "ALH"), Defendant in the above-styled action, and, in support thereof, shows as follows:

### INTRODUCTION

1.      During her employment with ALH, Ms. Humphrey was subjected to severe sexual discrimination and harassment including, but not limited to, sexually suggestive and discriminatory comments, unwanted touching, and retaliation. Although she complained to supervisor and management, nothing was done to remedy the situation and the harassment continued for months.  In fact, she was told

she could lose her job just for making the complaints.  She was subjected to unfair treatment and lost pay due as a result of the retaliation from her supervisors in response to her complaints.

2.     The ongoing discrimination, harassment and retaliation led Ms. Humphrey to constructively terminated her job on January 2, 2020, when she felt she had no alternative but to resign her position.

JURISDICTION AND VENUE

3.     The jurisdiction of this Court is instituted and authorized pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 which provides for relief against discrimination and employment on the basis of sex (henceforth "Title VII").

4.     The Defendant, ALH, conducts business in this district and division. Moreover, a portion of the unlawful employment practices alleged in this complaint occurred within this district and division.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e—5(f)(3).

CONDITIONS PRECEDENT

5.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.") alleging discrimination on the basis of her sex and her retaliation in violation of Title VII.   A copy of the Charge of Discrimination is attached hereto as "Exhibit A."

6.      Plaintiff received a Dismissal and Notice of Rights from the E.E.O.C., and this action was instituted within ninety (90) days of receipt thereof. A copy of the Right to Sue is attached hereto as "Exhibit B."

## PARTIES

7.      Plaintiff, Jean Humphrey is a female citizen of the United States and resident of this district and division.  She is a former employee of Defendant.

8.      ALH is an entity subject to suit under 42 U.S.C. § 1981, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981a.  At all times relevant to this action, upon information and belief, ALH has employed more than fifty (50) employees.  Upon information and belief, ALH was notified that the Plaintiff filed the Charge of Discrimination.

## FACTS

9.      Plaintiff who is female, started working for at ALH in 2016 as an Emergency Room Technician while still in school training to become an Emergency Medical Technician (EMT).

10.      After Plaintiff became an EMT, she was subjected to sexual comments and touching from her supervisor, Randy Pace.

11.      In or around late July or early August, 2017, Plaintiff began working as an EMT on the 11:00 am to 11:00 pm shift, seven days in each two week period. She was the only female on the shift.

12.    On or around August 19, 2017, Mr. Pace told Plaintiff she had to give up the new shift to allow another male employee to have the shift.  The shift she was told to give up included a pay rate increase differential.    When Plaintiff refused to give up her shift, Mr. Pace was very rude to her and demanded that she "sing him a song."

13.    Shortly thereafter, on several occasions, Plaintiff found the air in the tires on her vehicle had been let out.

14.    While under Mr. Pace's supervision, the inappropriate sexual comments became worse and more offensive.  Plaintiff would walk away or tell Mr. Pace his comments were gross and tell him to stop.

15.    Plaintiff is also a competitive weightlifter.  Mr. Pace continually made sexually offensive comments to Plaintiff about her weightlifting videos.  Mr. Pace would also often comment to her about her perfume, behind, breasts, and undergarments, etc.

16.    One time, while Plaintiff was performing CPR on a patient, Mr. Pace said to Plaintiff, "damn Jean get your ass out of my face, it looks so good I'm about to bite it."   Plaintiff had no choice but to ignore it and continue performing CPR.

17.    On some occasions, when Plaintiff had to ride alone in an ambulance with Mr. Pace, he would brush against her inappropriately against her private parts and make sexually inappropriate comments.

18.     Plaintiff was also subjected to sexual harassment by her co-workers, Ross Hargrove and Jamie Stoddard.  Mr. Stoddard and Mr. Hargrove made sexually discriminatory comments to Plaintiff, telling her, among other things, on numerous occasions she "had a big dick."   Plaintiff complained to her then supervisor, Mr. Pace.  Mr. Pace told Plaintiff there was nothing he could do.

19.     On one occasion as Plaintiff left Mr. Pace's office, Mr. Pace grabbed Plaintiff by her shoulders pressed into her back, put his nose on her and said, "you smell good."   Plaintiff violently pulled away from him and told him not to touch her as she left his office.

20.     In October of 2017, Plaintiff reported the ongoing sexually offensive behavior to another supervisor, Gina Jones.

21.     Ms. Jones told Plaintiff that Mr. Pace had lost his job at the hospital once before for this same type behavior and had been rehired.

22.     Plaintiff was told by Ms. Jones that it had always been this way; other complaints had been made and nothing was ever done. Ms. Jones also told Plaintiff that if she went to Human Resources ("HR") to complain that Plaintiff would be made miserable and/or lose her job.

23.     On June 10, 2018, Mr. Pace told Plaintiff she was being mistreated because she is a "girl."   Mr. Pace again said that there was nothing that could be done about the mistreatment.

24.    On October 17, 2018, Mr. Pace told Plaintiff he had shown one of her lifting videos he saw on social media to a friend of his and they had talked about "how hot" Plaintiff looked.  Plaintiff told him she did not want to hear about this conversation and walked away.

25.    On December 12, 2018, Plaintiff raised a complaint about the work ethic of her partner and asked what he had discussed with Mike West, the Director. Mr. Pace responded he would tell Plaintiff if he could "put his hand between [her] boobs."  After Plaintiff refused, Mr. Pace kept at it saying, "come on, come on."

26.    Although she had made numerous complaints about the competency of her male partner, Plaintiff was repeatedly told that nothing could be done. During this same time period, a male made a similar complaint about his partner and it was immediately taken care of.

27.    On January 9, 2019, Plaintiff was yelled at and threatened by another male supervisor, David Williams.   Because Plaintiff's complaints had been ignored or made fun of, Plaintiff went to the house supervisor in charge of the hospital, Lisa (last name unknown) and asked her how she could make a complaint to HR.  Lisa LKU said she would make the complaint and that Plaintiff would be contacted the next day.

28.    After the last complaint, Plaintiff was contacted by Tracy Collins, the nursing supervisor.  On January 10, 2019, Plaintiff met with Tracy Collins and

Amanda Clardy with the Human Resources Department and reported Mr. Williams' abusive behavior and all of the sexual harassment and discrimination Plaintiff had been undergoing.  Plaintiff was told an investigation would be done and warned that she would be treated differently and that she would, "have a hard road ahead". Plaintiff was promised during this meeting that things would be handled confidentially.

29.    During the investigation, Plaintiff was subjected to harassment and retaliation by co-employees and supervisors as the investigation proceeded.  It was clear that they knew details about Plaintiff's allegations even though she had been promised it to be handled confidentially.

30.    When Plaintiff complained to Human Resources that the other employees were harassing her in retaliation for making complaints of sexual harassment, she was again told there was nothing they could do about that, they cannot stop people from "talking".

31.    On January 29, 2019, Plaintiff was told by HR that, due to one joke Plaintiff had told at work that HR considered inappropriate, Plaintiff had her left herself "open" to all of the sexual harassment and discrimination.

32.    Mike West, Director, made a very public comment on Facebook alluding to Plaintiff's complaint of sexual harassment in a derogatory way.

33.    Plaintiff was also aware that Mr. West had tried to move her to a

different shift and denied her the shift increase differential because of a false complaint made against her by one of her co-workers.

34.     On February 4, 2019, to move Plaintiff away from those harassing her, she was moved to another, less advantageous shift.

35.     Plaintiff's new supervisor, Gina Jones, told Plaintiff she had been instructed by Mike West that Plaintiff was not to be scheduled any overtime, even though others were allowed to work overtime.

36.     Plaintiff continued to be subjected to harassment.  On March 15, 2019, Plaintiff went to a grocery store and when she left, Mr. Pace and Mr. Hargrove where parked outside the store.   As she walked to her vehicle, Mr. Hargrove hung his cell phone out his window appearing to take videos or photographs of Plaintiff.

37.     On July 9, 2019, an email was sent by Amanda Clardy, Director of Human Resources at Athens-Limestone Hospital to Mike West and other supervisors that all ambulance employees must complete anti-harassment sessions.

38.     After the complaints and investigation, Mr. Pace was demoted from his supervisory position and Mr. West resigned as Director.  However, the retaliatory behavior from her supervisors and co-workers continued.

39.     On or around January 2, 2020, Plaintiff submitted her resignation due to the harassment and retaliatory treatment as a result of her complaint of sexual discrimination and harassment. Plaintiff had no choice but to resign because her

working conditions were so intolerable no reasonable person could have been expected to tolerate them.

## CAUSES OF ACTION

### COUNT I
### SEXUAL DISCRIMINATION UNDER TITLE VII
### (DEFENDANT ALH)

40.   Plaintiff realleges and incorporates by reference, paragraphs 1 through 39, as if fully stated herein.

41.   Plaintiff has been discriminated against by the Defendant, ALH, because of her gender and subjected to both a subjectively and objectively hostile work environment due to her female gender.

42.   The above-discussed sexual discrimination violated Title VII.

### COUNT II
### RETALIATION UNDER TITLE VII
### (DEFENDANT ALH)

43.   Plaintiff realleges and incorporates by reference, paragraphs 1 through 39, as if fully stated herein.

44.   Defendant, ALH, retaliated against Plaintiff by applying a disproportionately severe disciplinary standard to Plaintiff. This was done in response to Plaintiff complaining about sexual harassment and for opposing employment practices that the Plaintiff believes to be unlawful, in violation of Title VII.

45.    Defendant, ALH, ratified and condoned the retaliatory hostile work environment created by the males about whom Plaintiff had complained of sexual discrimination and harassment telling her there was "nothing they could do."

46.    Defendant, ALH, subjected Plaintiff to unequal treatment regarding the terms, conditions and privileges of her employment for complaining of gender-based sexual harassment by moving her to a different, less advantageous shift and denying her the ability to work overtime.  The retaliation was done willfully and with malicious and reckless disregard for the rights of Plaintiff.

47.    As a proximate result of the Defendant, ALH's, wrongful conduct, Plaintiff has been injured and damaged as follows: she has suffered extreme mental and emotional distress, pain and suffering, lost wages and benefits.

## PRAYER FOR RELIEF UNDER TITLE VII

The Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended.

The Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of the Defendant, ALH's, violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, the Plaintiff prays that this Court:

a.   Declare the conduct engaged in by the Defendant, ALH, to be in violation of the Plaintiff's rights;

b.   Enjoin the Defendant, ALH, from engaging in such conduct in the future;

c.   Award the Plaintiff compensatory and punitive damages, including back pay, in an amount to be determined by this Court;

d.   Award the Plaintiff costs and attorneys' fees; and

e.   Grant such further and other, different and relief, including equitable, as this Court deems just and proper.

### COUNT III
### INVASION OF PRIVACY
### (DEFENDANT ALH)

48.   Plaintiff realleges and incorporates by reference, paragraphs 1 through 39, as if fully stated herein.

49.   During the period of the Plaintiff's employment with the Defendant ALH, Mr. Pace, acting within the line and scope of his employment with the Defendant, ALH, wrongfully pried or intruded into the Plaintiff's private activities, affairs, and seclusion.

50.   The nature of the intrusions referred to herein was so outrageous as to cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

51.   On more than one occasion, Plaintiff complained to management-level employees of the Defendant, ALH, regarding the repeated intrusions into her personal life by Mr. Pace, or Defendant ALH, was otherwise aware of Mr. Pace's

intrusions; however, after being informed of the same, the Defendant, ALH, did not take any action, whatsoever, to effectively terminate or correct the activities described herein.

52.     As a direct and proximate result of the unreasonable and illegal action of the Defendant, ALH's, employees, the Plaintiff has suffered from a loss of income and benefits, as well as physical and mental anguish, and has suffered severe emotional distress.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant, ALH for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

### COUNT IV
### NEGLIGENT/WANTON, HIRING, TRAINING, SUPERVISION AND/OR RETENTION
### (DEFENDANT ALH)

53.     Plaintiff realleges and incorporates by reference, paragraphs 1 through 39, as if fully stated herein.

54.     Defendant ALH, owed a duty to Plaintiff to properly train, supervise & retain employees so as to promote and maintain a work environment without pervasive sexual harassment and discrimination.

55.     The Defendant, ALH, failed to properly train and/or supervise Randy Pace, Ross Hargrove, Jamie Stoddard and other employees who were incompetent in that they committed the wrongful acts referred to herein in the line and scope of

his employment.

56.    The Defendant, ALH, as the employer, is and was imposed with the duty to train and supervise employees.

57.    The Defendant, ALH, breached its duty by failing to exercise reasonable care or acting in reckless disregard of a known risk that the Plaintiff would be subjected to continued sexual harassment.

58.    As a direct and proximate result of the Defendant, ALH's, breach of its duty to exercise reasonable care, the Plaintiff has suffered from a loss of income and benefits, as well as mental and physical anguish and severe emotional distress.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant, ALH, for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## COUNT V
### BATTERY
### (DEFENDANT ALH)

59.    Plaintiff realleges and incorporates by reference, paragraphs 1 through 39,  as if fully stated herein.

60.    Defendant, ALH, is responsible for the wrongful acts as alleged by Plaintiff.

61.    During the period of the Plaintiff's employment with the Defendant ALH, Mr. Pace, while acting within the line and scope of his employment with the

Defendant, ALH, wrongfully brought about harmful and offensive contact to Plaintiff's person.

62.     Defendant ALH's, management was on notice of the offensive contact to Plaintiff's person by Mr. Pace, following Plaintiff's complaints about said behavior.  However, after being informed of the same, the Defendant ALH, did not take any action to effectively terminate or correct the activities described herein.

63.     Defendant ALH, had explicit knowledge of the offensive contact to Plaintiff's person by Mr. Pace.

64.     As a direct and proximate result of the unreasonable and illegal action of the Defendant, ALH's, employee, the Plaintiff has suffered from a loss of income and benefits, as well as physical and mental anguish and severe emotional distress.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant ALH for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

### COUNT VI

### ASSAULT
### (DEFENDANT ALH)

65.     Plaintiff realleges and incorporates by reference, paragraphs 1 through 39, as if fully stated herein.

66.     Defendant, ALH's, employee, Mr. Pace committed an intentional

touching, and/or threat of same, to Plaintiff in a rude, threatening or explicit manner under such circumstances that said touching created in Plaintiff a well-founded fear of an imminent battery.

67.    At the time of the touching, and/or threat of same, Mr. Pace had the ability and opportunity to consummate the offense.

68.    As a direct and proximate result of Defendant, ALH's, employee's behavior, Plaintiff was caused to suffer personal injury and severe emotional distress.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant ALH for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## COUNT VII
### OUTRAGE
### (DEFENDANT ALH)

69.    Plaintiff realleges and incorporates by reference, paragraphs 1 through 39, as if fully stated herein.

70.    During the period of her employment with the Defendant, ALH, the Plaintiff was subjected to conduct by Mr. Pace so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

71.    The actions referred to herein were intended on the part of Mr. Pace,

acting within the line and scope of his employment with the Defendant, ALH, so as to cause the Plaintiff to suffer severe emotional distress or with reckless disregard as to the effect of such conduct.

72.    On one or more occasions, Plaintiff and complained to management-level employees of the Defendant, ALH, about the outrageous conduct to which she was being subjected by Mr. Pace acting in his capacity as an employee of the Defendant, ALH, or management was otherwise aware of Mr. Pace's outrageous conduct; however, the Defendant, ALH, failed to take any action to effectively correct or terminate such activities.

73.    As a direct and proximate result of such extreme and outrageous conduct by Mr. Pace acting within the line and scope of his employment with the Defendant, ALH, the Plaintiff has suffered mental and physical anguish and severe emotional distress.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, ALH for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the  20th day of January, 2020.

s/ Teri Ryder Mastando

Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, Alabama 35801
Phone:        (256) 532-2222
Fax:          (256) 513-7489
teri@mastandoartrip.com
artrip@mastandoartrip.com

**<u>DEFENDANT TO BE SERVED VIA CERTIFIED MAIL</u>**:

**The Health Care Authority of the City of Huntsville**
**101 Sivley Road**
**Huntsville, AL 35801**